## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Scott Brandon Davis and Tara Hayes Davis,<br><br>Debtor(s). | C/A No. 05-06994-JW<br><br>Adv. Pro. No. 06-80068-JW<br><br>Chapter 7<br><br>ORDER |
| Scott Brandon Davis and Tara Hayes Davis,<br><br>Plaintiff(s),<br><br>v.<br><br>Edward Gary Cannon,<br><br>Defendant(s). | |

This matter comes before the Court upon a complaint filed by Scott Brandon Davis and Tara Hayes Davis ("Debtors"). In the complaint, Debtors seek an order that declares that Edward Gary Cannon ("Creditor") does not hold a judicial lien on Debtors' property. The Court conducted a pre-trial hearing on the matter and developed a sufficient factual record to adjudicate that matter.

Debtors are residents of Charleston County, South Carolina. Prior to Debtors' bankruptcy filing on June 17, 2005, Creditor obtained a judgment against Scott Davis in Greenville County, South Carolina, and recorded it in Charleston County. Debtors' bankruptcy schedules indicate that Debtors did not own interests in real property prior to their bankruptcy filing. The record of Debtors' bankruptcy case also indicates that the deadline for objecting to Debtors' discharge expired on March 3, 2006, and that Debtors obtained a discharge on March 6, 2006. Furthermore, Creditor admitted that he did not attach or levy his judgment on any of Debtors' personal property before they filed their bankruptcy case.

Under South Carolina law, a judgment entered by a state court constitutes a lien upon the real estate of the judgment debtor situate in any county in South Carolina in which the judgment is entered in the book of abstracts of judgments and duly indexed. S.C. Code Ann. § 15-35-810 (West 2005). The lien begins from date the date the judgment is entered on the book of abstracts and indices and continues for ten year period from the date of the final judgment or decree. Id. With respect to personal property, South Carolina law provides that "[e]xecutions shall not bind the personal property of the debtor, but personal property shall only be bound by actual attachment or levy thereon for the period of four months from the date of such levy." S.C. Code Ann. § 15-39-100 (West 2005).

The record of this case clearly indicates that Creditor's judgment cannot be a judicial lien because Debtors did not hold any real property interests that Creditor's judgment could encumber when Creditor filed his judgment in Charleston County. Furthermore, because Creditor did not attach or levy his judgment upon Debtors' personal property prior to Debtors' bankruptcy filing, Creditor's judgment also is not a judicial lien on Debtors' personalty. In the absence of real property interests to encumber and attachment or levy upon Debtors' personalty, Creditor's judgment cannot be a judicial lien that passes through Debtors' bankruptcy case unaffected by the discharge that they have received.

Given the fact that Creditor has no lien against any of Debtors' property and the expansive protections provided by the Bankruptcy Code, the Court questions the utility of Debtors' cause of action because the relief they seek is established by existing law. Although judicial liens may pass through a bankruptcy unaffected, judgments that are not properly secured on a judgment debtor's property prepetition cannot pass through a debtor's bankruptcy as an unaffected lien. See McPeak v. Nationsbank, N.A. (In re McPeak), No.99-02052-B, Adv. Pro No. 99-80097-B, 1999 WL 3325922 at *2 (Bankr. D.S.C. 1999) ("Liens are determined as of the date the debtor's petition is filed…[i]f the judgment does not constitute a pre-petition lien it will

2

not become a lien post-discharge."). In this case, Creditor could not encumber Debtors' property following their bankruptcy filing because the automatic stay prevented him from pursuing collection actions against Debtors. See 11 U.S.C. § 362(a)(4) ("a petition filed under section 301, 302, or 303 of [the Bankruptcy Code] operates as a stay, applicable to all entities, or . . . (4) any act to create, perfect, or enforce any lien against property of the estate...."). At best, Creditor's judgment is an unsecured claim that was discharged when Debtors received their discharge on March 6, 2006. See In re McPeak, 1999 WL 3325922 at *2 ("A creditor with a judgment that has not attached to the debtor's real estate or attached or levied on the debtor's personal property by the date the debtor files bankruptcy has no judgment lien and is not a secured creditor."). If Creditor attempts to encumber Debtors' property with his judgment after Debtors obtained their discharge, such an act may be sanctionable as a violation of Debtors' discharge injunction. Based upon the structure of the Bankruptcy Code, the need for the declaratory judgment that Debtors wish to obtain appears unnecessary because the time for objecting to Debtors' discharge has passed, and Debtors have obtained a discharge in their bankruptcy case.

Nevertheless, in light of the factual circumstances attendant in this case and applicable law, the Court concludes that Creditor does not hold a judicial lien; and thus, Creditor's judgment is discharged as an unsecured claim.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
May 15, 2006